UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY PETERSON,<br><br>Petitioner,<br><br>v.<br><br>RALPH M. DIAZ,<br><br>Respondent. | No. 2:19-cv-01480 WBS GGH P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

In his "objections" to the January 13, 2020 Findings and Recommendations, petitioner appears to seek a stay pending exhaustion of his fully unexhausted petition. ECF No. 18. Petitioner has further provided a copy of the habeas petition that has been filed with the California Supreme Court. ECF No. 19. In response to petitioner's request to a motion for stay, respondent argues a motion to stay is inappropriate for fully unexhausted petitions. ECF No. 20. However, respondent is incorrect. "[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitioners under the circumstances set forth in Rhines." Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (citing Rhines v. Weber, 544 U.S. 269 (2005)).

A district court may properly stay a habeas petition and hold it in abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

1

Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Assuming the petition itself has been timely filed, such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. A petitioner qualifies for a stay under Rhines so long as (1) good cause is shown for a failure to have first exhausted the claims in state court; (2) the claim or claims at issue potentially have merit; and (3) there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, 544 U.S. at 277-78. Although good cause does not require "extraordinary circumstances," courts must "interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in 'limited circumstances.'" Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (quoting Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005)). The Ninth Circuit has further rejected a "broad interpretation of 'good cause.'" Wooten, 540 F.3d at 1024. Instead, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Pursuant to Rhines, petitioner will be granted an opportunity to file a motion for stay and abeyance in which he sets forth good cause for failure to exhaust his claims prior to filing his current federal habeas petition; that is unexhausted claims are meritorious; and that he has not been dilatory in proceeding on his claims. Respondent will be further provided an opportunity to file an opposition or statement of non-opposition to petitioner's motion for stay. The court will set forth an expedited briefing schedule on this matter.

Accordingly, IT IS HEREBY ORDERED that:

1. The "objections" will not be forwarded to the district judge as they are functionally a request to file a motion for stay;

2. Petitioner shall have **twenty-one** days to file a motion for stay and abeyance pursuant to Rhines v. Weber, 544 U.S. 269 (2005). Petitioner is warned that failure to file a motion for stay and abeyance within the court's deadline will result in a recommendation that this action be dismissed as unexhausted;

3. Respondent is hereby directed to file an opposition or a notice of non-opposition to petitioner's stay and abeyance motion within **fourteen** days from service of the motion for stay;

4. Petitioner's reply, if any, is due **seven** days thereafter; and

5. If petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner shall **immediately** file a notice of exhaustion in this court.

6. No extensions of time will be granted except in the most compelling of circumstances.

Dated: March 2, 2020

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE