UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY PETERSON,<br><br>Petitioner,<br><br>v.<br><br>RALPH DIAZ,<br><br>Respondent. | No. 2:19-cv-01480 WBS GGH P<br><br>ORDER[1] |

Petitioner is a state prisoner proceeding in pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 25, 2020, petitioner filed an "Emergency Request for Interim Release Order Under U.S. Const. 8th Amendment." ECF No. 26.

Petitioner requests emergency release from prison due to the current coronavirus ("COVID-19") pandemic. In light of being a high health risk individual to COVID-19, as a cancer patient with a compromised immune system and having reached 68 years of age, petitioner asserts his health is in "imminent threat" which "represents an unconstitutional change in terms of [his] sentence." Id. at 1. Petitioner states that "[a]ccording to news reports, two employees of the prison have tested positive for the coronavirus and four inmates are in isolation." Id. Petitioner argues

---

[1] The undersigned issues this decision as an order, as release on bail or conditions is not a case dispositive situation and is typically within the jurisdiction of magistrate judges.

1

that due to these change of circumstances in the prison environment, his current incarceration constitutes cruel and unusual punishment under the 8th Amendment. Id.

It may be that petitioner is initially arguing for release based on the present conditions of confinement as complicated by COVID-19. Respondent notes the pendency of civil rights actions (now) involving COVID-19, the Coleman/Plata class action[2], and argues this civil rights litigation is the forum which should address conditions of confinement. The undersigned agrees.

Federal habeas corpus relief is available only for challenges to the duration or legality of a prisoner's confinement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Here, petitioner's emergency request for an interim release order is unrelated to petitioner's habeas petition challenging the duration or legality of his confinement. See Ortiz v. United States, No. CR 04-1303-PHX-MHM, 2009 WL 2170102, at *1 (D. Ariz. July 17, 2009) (The court denied movant's motion for emergency release in his pending federal habeas petition pursuant to 28 U.S.C. § 2255 as it did not relate "to his request for habeas relief from his original criminal sentence.") Although petitioner's request argues the current prison conditions expose him to a higher risk of harm due to potential exposure to COVID-19, petitioner's request relates to the conditions of petitioner's confinement and accordingly is more appropriately brought pursuant to 42 U.S.C. § 1983. Bowman v. California, No. EDCV 19-00184 RGK (RAO), 2019 WL 4740538, at *1-2 (C.D. Cal. June 26, 2019) (Petitioner's request for release from custody based on jail conditions through a habeas petition was dismissed for failure to state a cognizable federal claim. Claims relating to conditions of confinement are more appropriately brought under 42 U.S.C. § 1983 even though petitioner also requested release from custody as a form of relief).

However, it may also be the case that petitioner is requesting release pending decision in habeas, such as "bail" or "conditions" release pending resolution of his habeas action. While such release has been authorized *after* a decision on the merits in district court and pending appeal, see Marino v. Vasquez, 812 F.2d 499 F.2d (9th Cir. 1977), release *prior to* the finality of a district court decision is problematic in that certain courts have found that specific, binding

---

[2] Plata v. Newsome, 01-cv-01351 JST (N.D. Cal.); Coleman v. Newsome, 2:90-cv-0520 KJM DB (E.D. Cal.).

2

authority for such a proposition is absent for such release, and some have found it available. See Kerestesy v. California, No. 2:15-cv-0545 MCE AC P, 2017 WL 735736 (E.D. Cal. Feb. 24, 2017); United States v. Carreira, No. CR 06-00561 DKW, 2016 WL 1047995 (D. Haw. Mar. 10, 2016); Hall v. San Francisco Superior Court, No. C 09-5299 PJH, 2010 WL 890044 (N.D. Cal. Mar. 8, 2010). The undersigned is reluctant to hold that release on bail or conditions in habeas pre-decision context is never appropriate especially in light of Marino v. Vasquez, 812 F.2d 499, 508 (9th Cir. 1987) which found that district courts do indeed have authority to release a petitioner albeit pursuant to Fed. R. App. P. 23.  See also Lands v. Deeds, 878 F.2d 318 (9th Cir. 1989), simply stating in a *pre-decisional, non-release determination* by a district court: "Bail pending a decision in a habeas case is reserved for extraordinary cases…";  In re Roe, 257 F.3d 1077 (9th Cir. 2001) assuming the pre-decisional authority of release by a district court citing conflicting out-of-circuit authority. Thus, the undersigned will assume that such pre-decisional release in habeas is possible in extraordinary cases under the conditions outlined for release pending appeal.[3]

The conditions applicable to release of a habeas petitioner are muddled.  The early case which is generally seen to have authorized bail/conditions release in habeas corpus clearly held that a conjunctive standard, high probability of success *and* extraordinary circumstances, is applicable. Aronson v. May, 85 S.Ct. 3 (1964) (per Justice Douglas). However, in Lands v. Deeds, supra, the standard was stated as *either* high probability of success *or* extraordinary circumstances.  Perhaps, conjunctive or disjunctive standards in the usual release pending appeal situation are of little import-- because a district court is rarely, if ever, going to authorize release in a habeas case after an unfavorable-to-petitioner ruling.  The correct standard becomes more of a problem when the context is pre-decisional release in the district court. In re Roe, supra, 257 F.3d at 1080, considered probability of success as an important factor *within* the general extraordinary circumstances analysis.

---

[3] However, the fact that an appellate rule of procedures is cited as authority for the district courts' release-on-habeas decisions might seem to indicate that a final district court decision on the merits is a *sine qua non* for release in a habeas case.

3

The undersigned will do no less than In re Roe. The petition in this case raises the problematic claim that an asserted retroactive application of education credit regulations violates due process, and if the correct interpretation of the credits regulations were to be applied, petitioner would be entitled to swift release. Not only is the cognizability of this unrelated-to-the-conviction, denial of educational credits claim of dubious validity in habeas corpus actions, petitioner has not addressed the merits in the least in his emergency motion. Although the issue is briefed somewhat in the petition itself, the undersigned is not willing to find that petitioner has a high probability of success absent full and unhurried briefing on the matter by both sides.

Moreover, although the COVID-19 situation is an extraordinary one for the population at large in this country, including prisoners, and without diminishing in the least the fact that petitioner is part of an especially at-risk COVID-19 population, petitioner has not shown that prison authorities are unable or unwilling to address this serious problem within prisons, or that petitioner is unable to take the general, protective measures applicable to all as of yet unafflicted persons, i.e., wash hands frequently, avoid touching the face and so forth. Moreover, prison authorities may be able to isolate highly at-risk prisoners, such as petitioner, more easily than isolation or "social distancing" is achieved in the general population, e.g., housing in administrative segregation, partial lockdowns or transfers. Prisons are certainly able to order their afflicted employees to stay at home, and can probably, more easily find testing opportunities for their essential employees than is yet possible for the general population. Finally, prison and state officials are more likely to know who may be best subject to compassionate release under state laws than is the undersigned.

Accordingly, IT IS HEREBY ORDERED that petitioner's Emergency Request for Interim Release Order (ECF No. 26) is DENIED.

Dated: April 2, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE