UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY PETERSON,<br><br>Petitioner,<br><br>v.<br><br>RALPH M. DIAZ,<br><br>Respondent. | No. 2:19-cv-01480 WBS GGH P<br><br><br><br>ORDER |

Petitioner has moved for reconsideration of the undersigned's order denying his request for an emergency release on conditions/bail due to the ongoing COVID-19 pandemic. ECF No. 37. As part of the reconsideration proceeding, the undersigned directed respondent to include in his briefing: whether petitioner would be released in 2020; whether petitioner was on a state created compassionate release list; and to describe the COVID-19 conditions at petitioner's particular prison. ECF No. 40. Respondent timely did so on April 24, 2020. ECF No. 43.

Petitioner has not filed a reply as the undersigned directed that he could. However, petitioner's relatives have been filing "friend of the court" or "next friend" briefings and submittals. See ECF No. 38, 42, 44. To the extent that these filings can be considered declarations of facts for which the relatives have personal knowledge, and given that petitioner has not objected to their use, and finally, given the expedited time frame in which this reconsideration

1

motion must be decided, the undersigned will consider them as declarations to the extent appropriate submitted in support of the motion for reconsideration.

Although the issue of present release pursuant to bail in habeas actions is now closer given petitioner's state calculated October 15, 2020 release date, a date which does not depend on petitioner's success on the merits of his habeas petition *per se*, the undersigned denies the request for reconsideration and affirms its previous ruling.

*Discussion*

The first issue to be considered is whether petitioner's motion for reconsideration was directed to the undersigned or was a "motion for reconsideration" of a magistrate judge's order pursuant to E.D. Cal. Local Rule 303(c) directed to a district judge. After some consideration, the undersigned believes that the motion for reconsideration was directed to him, but this order makes clear that any further review of the initial order and this motion for reconsideration must be sought by a "Request for Reconsideration by the District Court of Magistrate Judge's Ruling" under the "clearly erroneous or contrary to law" standard. See E. D. Cal. Local Rule 303(f).[1]

The initial order found that to the extent that petitioner's release motion was based upon a "conditions of confinement" rubric, such a motion was better left to the civil rights actions which have such conditions under its purview. See ECF No. 32 at 2. That finding is affirmed.

However, the initial order viewed petitioner's request as one potentially available in habeas cases, and one in which a district court was presumed to have pre-final decision release authority. While the standards for such release pending decision motions was not entirely clear, id. at 3-4, the undersigned viewed the analysis of In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001),

---

[1] As such motions for reconsideration before the undersigned are governed by the following standard. Although motions to reconsider are directed to the sound discretion of the court, Frito–Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus, Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence ... new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985). Petitioner has satisfied this standard such that his motion for reconsideration should be reviewed on its merits.

1  requiring the existence of extraordinary circumstances, including an integral success on the merits
2  component, as the *sine qua non* of release pending decision.  In the initial order, the undersigned
3  noted that petitioner had not addressed success on the merits at all.

4  Respondent's answer to this court's "calculated release" question (release in October
5  2020) changes the merits analysis.  Although the case will not be legally moot upon petitioner's
6  actual release from prison,[2] for practical purposes, the ultimate relief which petitioner seeks in his
7  petition—release from actual incarceration prior to the October 15 date calculated by
8  respondent—is largely, if not wholly, inconsequential upon actual release from incarceration.
9  There is the probability that no final decision herein, and consequent appeal, would occur prior to
10 October 15 rendering the present petition moot for practical purposes. The undersigned finds that
11 this practical mootness is an extraordinary circumstance within the context of a pre-decision
12 release on conditions/bail motion as it relates to success on the merits. The release on conditions
13 standards do not require the undersigned to act oblivious to real world actual concerns.  Practical
14 mootness impacts the success on the merits component as much as would a legal ruling in favor
15 of petitioner on the merits.

16 This brings the undersigned to the remaining components of extraordinary circumstances.
17 The undersigned previously found:

> Moreover, although the COVID-19 situation is an extraordinary one for the population at large in this country, including prisoners, and without diminishing in the least the fact that petitioner is part of an especially at-risk COVID-19 population, petitioner has not shown that prison authorities are unable or unwilling to address this serious problem within prisons, or that petitioner is unable to take the general, protective measures applicable to all as of yet unafflicted persons, i.e., wash hands frequently, avoid touching the face and so forth. Moreover, prison authorities may be able to isolate highly at-risk prisoners, such as petitioner, more easily than isolation or "social distancing" is achieved in the general population, e.g., housing in administrative segregation, partial lockdowns or transfers. Prisons are certainly able to order their afflicted employees to stay at home, and can probably, more easily

---

[2] Petitioner would be placed on parole the terms of which could be impacted by a favorable ruling to petitioner. This is so even though the habeas petition itself only concerns itself with a "correct" calculation of petitioner's release date using education credits available to California prisoners.  While the undersigned remains of the opinion that such a claim is problematic in habeas jurisprudence, the actual success on the merits analysis is different than a mootness analysis.

> find testing opportunities for their essential employees than is yet possible for the general population. Finally, prison and state officials are more likely to know who may be best subject to compassionate release under state laws than is the undersigned.

ECF No. 32 at 4.

In response to the undersigned's questions, respondent certified that as of the date of its filing, April 24, 2020, "[n]o inmates are known to be infected with the [COVID-19] virus even though over a dozen inmates have been tested." ECF No. 43 at 2. Respondent attested that only one correctional officer had tested positive. Further, petitioner was housed in a dormitory housing environment limited to six inmates. Id. Finally, "prison officials are exercising mitigation measures as outlined in the prison's April 20, 2020 Daily Program Status Report. (Ex. 1, Daily Program Status Report.)" Id. at 2. On the other hand, the declarations submitted by petitioner's relatives, documenting hearsay statistics, speak only to California prisons in general, and prison systems outside of California. See ECF No. 38.[3] While not much doubt exists that some prisons may have COVID-19 in epidemic proportions,[4] the evidence before this court does not reflect that petitioner's Mule Creek Prison (located in a fairly rural part of California) is in such a state. Moreover, in a filing just docketed today, ECF No. 44, petitioner's family speaks of a "quarantine" of one "pod" proximate to petitioner's pod. The family members assert that personnel in Personal Protective Equipment ("PPE") suits were seen about that pod (perhaps disinfecting it). This asserted fact actually cuts against any assertion that the prison officials are unwilling or unable to make best efforts to combat the virus.

////

---

[3] Some of the other "facts" listed by plaintiff's relatives, e.g., "infection paper food trays," are devoid of explanation as to how the relatives know of such facts, i.e., they are based on hearsay and in any event, show that prison officials are attempting to cope with the transmission potential of COVID-19.

[4] In a memorandum dated March 26, 2020, U.S. Attorney General William Barr directed the federal Bureau of Prisons ('BOP") to identify suitable inmates for home confinement with COVID-19 risk factors to minimize the risk of inmates' health due to the ongoing COVID-19 pandemic. See Off. of the Att'y Gen., Mem. for Dir. of Bureau Prisons, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic* (March 26, 2020), https://www.justice.gov/coronavirus. Later when it became evident that some federal prisons were experiencing a high rate of COVID-19 a revised memorandum was issued for such prisons. See also Off. of the Att'y Gen. Mem., Mem. for Dir. of Bureau Prisons, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (April 3, 2020), https://www.justice.gov/coronavirus.

The undersigned understands that petitioner and his family are reasonably quite anxious about incarceration of their father in the midst of a COVID-19 crisis; in essence they argue: "what's a few months off a state-imposed prison sentence given the present conditions." However, COVID-19 does not give federal judges acting in habeas jurisdiction carte blanche to commute state-imposed sentences absent truly extraordinary circumstances. It cannot be said that every serious, contagious disease which might infect prisoners requires an emptying of prisons.[5]

Finally, implicit in petitioner's motion for release and motion for reconsideration is the assertion that he is more or less guaranteed to be COVID-19 free if released to the civilian population at large, including his family's residences. As the undersigned may judicially notice, such is tragically not the case.

*Conclusion*

For the reasons set forth above, petitioner has not shown sufficient extraordinary circumstances at this time for the extraordinary remedy of pre-decision release on conditions/bail. Any review of this order shall be made before the assigned district judge.

IT IS HEREBY ORDERED that Petitioner's motion for reconsideration of the undersigned's April 2, 2020 order (ECF No. 37) is hereby DENIED.

Dated: May 4, 2020

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

---

[5] Respondent stated that petitioner, convicted of arson of an inhabited dwelling, was not on a compassionate release list.